UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEVI MORDEN and ADEEL SIDDIQUI,

    Plaintiffs,

    v.

T-MOBILE USA, INC.,

    Defendant.

CASE NO.  C05-2112RSM

ORDER GRANTING IN PART JOINT MOTION FOR DISCOVERY

## I. INTRODUCTION

This matter comes before the Court on the parties' Joint Motion for Discovery pursuant to Local Rule CR37.  (Dkt. #27).  Plaintiffs asks this Court to compel certain discovery that will assist them in defining their proposed class and in moving for conditional certification.  Defendant opposes the motion, arguing that the requests are inappropriate because plaintiffs have not yet moved for conditional certification, and the requests are overbroad and unduly budernsome.  Defendant also argues that plaintiff Morden does not have standing to discover information related to the "off the clock" claim asserted by plaintiff Siddiqui.  For the reasons set forth below, the Court disagrees with defendant in part and GRANTS IN PART plaintiffs' request for an Order Compelling Discovery.

## II. DISCUSSION

**A. Background**

Plaintiff Morden is a former employee of defendant, T-Mobile USA, Inc. ("T-Mobile").

ORDER
PAGE - 1

From June 2003 through March 2004 he worked as an Account Representative.  While he was employed, plaintiff was classified as a salaried employee exempt from overtime pay.  Plaintiff Siddiqui was employed by defendant from October 2003 through March 2005 as an Account Representative.  On October 9, 2004, defendant reclassified its Account Representatives and Territory Representatives as nonexempt employees, but did not change the duties performed by those employees in either position.

Plaintiffs now bring the instant action under the Fair Labor Standards Act ("FLSA") seeking damages and restitution for defendant's failure to pay overtime wages.  Plaintiffs assert that since December 27, 2002, defendant has wilfully violated the FLSA by failing to pay plaintiff and all other persons employed as Account Representatives or Territory Representatives appropriate overtime wages.  Plaintiffs further allege that, prior to October 9, 2004, defendant wilfully classified these employees as exempt from the FLSA, and at the same time, assigned them primary duties which are inconsistent to that status.  Finally, plaintiffs allege that since October 9, 2004, defendant has required and permitted Account Representatives and Territory Representatives to work in excess of 40 hours per week without compensating them for these hours.

Plaintiffs bring this action on behalf of themselves and all other persons employed by defendant as Account Representatives or Territory Representatives between December 27, 2002, and the date of the final disposition of this action.

On February 28, 2006, plaintiffs served their First Set of Interrogatories and Requests for Production on defendant.  On March 30, 2006, defendant served its Answers on plaintiffs in which it asserted various objections to the Interrogatories and Requests for Production at issue in this motion.  After attempting to resolve their issues, the parties filed the instant motion to compel.

**B.  Standing**

ORDER
PAGE - 2

The Court first addresses defendant's argument that plaintiff Morden does not have standing to propound discovery requests related to "off the clock" claims of hourly, overtime-eligible Account Representative and Territory Representatives after October 9, 2004. At the time discovery requests were propounded, plaintiff Siddiqui had not yet been added as a plaintiff in this case. Thus, defendant argues that the discovery propounded only by plaintiff Morden was not proper or relevant. The Court is not persuaded.

Plaintiffs are represented by the same counsel in this case. Plaintiff Siddiqui worked at T-Mobile both before and after the reclassification, and therefore, has standing to propound the "off the clock" requests at issue. By requiring him to propound new, identical requests for discovery, the Court would waste time and resources. Moreover, defendant has cited no authority in support of their argument that a party must have standing to propound certain discovery requests.

**C. Interrogatories at Issue**

*1. Interrogatory No. 2*

Plaintiffs' Interrogatory No. 2 asks defendant to identify all current and former employees of T-Mobile who worked as Account Representatives and/or Territory Representatives during the time period December 27, 2002, to the present. Defendant objects to this interrogatory as overbroad and unduly burdensome. It further objects on the grounds that plaintiffs seek information regarding individuals who are not parties to this lawsuit. Finally, defendant asserts that this information is appropriate only if a class is conditionally certified.

The Court first addresses defendant's argument that this information is appropriate only if a class is conditionally certified. As this Court has previously explained, the FLSA authorizes a plaintiff to challenge the denial of overtime compensation on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). This cause of action is known as a "collective action," and is not subject to the numerosity, commonality, and typicality rules of a

class action suit under Rule 23 of the Federal Rules of Civil Procedure. *See Hunter v. Sprint Corp.*, 346 F. Supp.2d 113, 117 (D.D.C. 2004). Instead, a plaintiff bringing a collective action must only show that he is similarly situated to the other members of the proposed class, and those other members must "opt in" to the proposed class. *Id.*

While moving for provisional certification of a collective class is a required step in litigating section 216(b) actions, provisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class. In *Spellman v. Visionquest Nat'l, Ltd.*, 1998 U.S. Dist. LEXIS 4298 (W.D. Penn. 1998), the court allowed the plaintiff minimal discovery without moving for conditional certification based upon the court's understanding that such discovery was necessary for the plaintiff to properly define the proposed class. Similarly, the *Hammond* court recognized that section 216(b) collective actions require a broader scope of discovery in order to identify those employees who may be similarly situated, and who may therefore ultimately seek to opt into the action. *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003). Accordingly, the Court rejects defendant's argument.

Defendant next objects that Interrogatory No. 2 is overbroad. The party resisting discovery has a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Calif., 1997) (the party resisting discovery must clarify, explain, and support its objections). In its objection to Interrogatory No. 2, defendant argues that the interrogatory seeks information regarding employees who are not parties to this litigation. The United States Supreme Court has addressed this issue in *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).[1] In that case, plaintiffs sought the aid of the Court in

---

[1] Although *Hoffman-La Roche* involved a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., the ADEA incorporates the enforcement provisions of the FLSA including the "opt-in" provisions of 29 U.S.C. § 216(b).

ORDER
PAGE - 4

discovering the names of others similarly situated and informing them of the pending lawsuit. *Id.* The Court affirmed the district court's exercise of discretion in ordering the defendant employer to produce to the named plaintiffs the names and addresses of all similarly situated employees. *Id.* In addition, other lower courts addressing whether to permit discovery of the names and addresses of other similarly-situated employees in section 216(b) FLSA actions have almost universally permitted discovery of this information, albeit often in limited fashion.[2] *See, e.g., Hammond*, 216 F.R.D. at 673 n. 23; *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994); *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp.2d 212 (D. Mass. 2001).

This Court is persuaded by the Supreme Court's decision in *Hoffman-La Roche*, and those of our sister courts noted above. At a minimum, plaintiffs should be entitled to discover the names and addresses of other potentially similarly-situated employees of defendant. Although this interrogatory seeks information about employees presently not parties to this litigation, the opt-in provision of the FLSA requires some procedure for identifying and notifying the potential class members. *Hammond*, 216 F.RD. at 673. "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt into the action." *Id.* Accordingly, the Court finds that plaintiff's Interrogatory No. 2, seeking the names of all current and former employees of T-Mobile who worked as Account Representatives and/or Territory Representatives during the time period December 27, 2002, to the present, is not overbroad.

Likewise, the Court also finds that Interrogatory No. 2 is not unduly burdensome. Defendant has the burden to show not only "undue burden or expense," but also to show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.

---

[2] However, some courts have required that a conditional class be certified prior to permitting discovery of putative class members. *See, e.g., Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (finding that because no collective action had been conditionally certified, discovery before step one of the two-step process was premature).

ORDER
PAGE - 5

*Snowden By and Through Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 333 (D. Kan. 1991). Here, defendant states in conclusory fashion that "it is unreasonable to put a defendant to the great expense and disruption of responding to nationwide discovery related to a large putative class. . . ." (Dkt. #27 at 13). However, defendant makes no effort to show that any heavy expenditures of time, effort or money would be necessary to answer Interrogatory No. 2. Accordingly, the Court finds that defendant has not met its burden of showing that providing the names of all current and former employees of T-Mobile who worked as Account Representatives and/or Territory Representatives during the time period December 27, 2002, to the present would be unduly burdensome.

Because the Court finds that Interrogatory No. 2 is appropriate and necessary for plaintiffs to properly define their proposed class, the Court GRANTS plaintiffs' Motion to Compel defendant to fully answer Interrogatory No. 2 <u>no later than (20) days from the date of this Order</u>.

*2. Interrogatory No. 8 and Request for Production No. 5*

Plaintiffs' Interrogatory No. 8 asks defendant to identify the person or persons most knowledgeable about the job duties and responsibilities of Account Representatives and Territory Representatives from December 27, 2002, until the present. Request for Production No. 5 asks for documents that describe those job duties. Defendant objects to this interrogatory as overbroad and unduly burdensome. It further objects on the grounds that plaintiffs seek information that is not relevant because they were not employed as Territory Representatives. Finally, defendant asserts that this information is appropriate only if a class is conditionally certified. Reserving those objections, defendant has produced the names of five people who are likely knowledgeable about this subject, and has agreed to produce documents that list or describe the job duties of Account Representatives applicable to plaintiffs' employment by defendant.

ORDER
PAGE - 6

The Court first addresses defendant's objection based on relevancy of information pertaining to Territory Representatives. Rule 26 of the Federal Rules of Civil Procedure allow the parties to obtain discovery about any matter, as long as it is not privileged and it is relevant to the claim of any party. Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which has a tendency to make the "existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

In this case, defendant argues that the information sought about Territory Representatives is not relevant because plaintiffs were employed only as Account Representatives. However, plaintiffs have alleged that Territory Representatives were assigned substantially similar primary job duties as Account Representatives, and that the Territory Representatives are also victims of defendant's common practice of denying them overtime pay, and, therefore, they are similarly situated to the Account Representatives. Accordingly, the Court is persuaded that the information sought by plaintiffs is relevant and necessary to help define the proposed class.

For the same reasons set forth above, the Court also rejects defendant's arguments that these requests are overbroad, unduly burdensome, or inappropriate because a class has not been conditionally certified. Accordingly, the Court GRANTS plaintiff's Motion to Compel defendant to fully answer Interrogatory No. 8 and Request for Production No. 5 <u>no later than (20) days from the date of this Order</u>.

*3. Interrogatories Nos. 4, 5, 6 and 7 and Requests for Production Nos. 1, 2, 6, 7 and 10*

The Court now turns to plaintiffs' Interrogatories Nos. 4, 5, 6 and 7 and Requests for Production 1, 2, 6, 7 and 10. These requests seek a broad category of information ranging from policies, practices and procedures relating to the amount of overtime wages paid to Account Representatives and Territory Representatives, to policies, practices and procedures relating to

defendant's classification of its employees as "exempt" or "non-exempt" from overtime pay. Defendant reiterates the same objections noted above, and also adds that these requests are not limited to any specific time period.

The Court finds that these interrogatories and requests are not appropriate prior to conditional class certification. Federal courts have recognized that while some limited discovery is necessary to assist plaintiffs in defining a proposed class, plaintiffs will not be given free reign for discovery on all aspects of the merits of the claims. *See, e.g. Spellman*, 1998 U.S. Dist. LEXIS 4298 at *9-*10 (explaining that the court had allowed limited discovery with the understanding that it had only done so in order for plaintiff to properly define the proposed class). The Court does not believe that the information sought in Interrogatories Nos. 4, 5, 6 and 7 and Requests for Production 1, 2, 6, 7 and 10 is designed to help define a proposed class, especially in light of the fact that conditional certification employs a "fairly lenient standard" which typically results in the granting of such certification. *See Kane*, 13 F. Supp2d at 214; *Spellman*, 1998 U.S. Dist. LEXIS 4298 at *6. Thus, plaintiff's proposed discovery may be more properly propounded if and when conditional certification is granted. Accordingly, the Court will not compel defendant to further respond to those requests.

### III.  CONCLUSION

The Court, having considered the parties' motion (Dkt. #27), the declarations in support of that motion, and the remainder of the record, hereby ORDERS that the parties' Joint Discovery Motion (Dkt. #27) is GRANTED IN PART as detailed above. The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 22nd day of June, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE