UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEVI MORDEN and ADEEL SIDDIQUI,

Plaintiffs,

v.

T-MOBILE USA, INC.,

Defendant.

CASE NO. C05-2112RSM

ORDER GRANTING MOTION
FOR CONDITIONAL CLASS
CERTIFICATION

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' Motion for Conditional Certification as a Collective Action and for Approval of *Hoffman-La Roche* Notice.[1] (Dkt. #32). Plaintiffs ask this Court to certify this action as a representative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and to authorize the sending of notice of this action to prospective collective action members. Plaintiffs' proposed collective class would consist of all persons who worked for defendant as Account Representatives ("ARs") or Territory Representatives ("TRs") at any time between December 27, 2002, and the date of final disposition of this action.

---

[1] The "*Hoffman-La Roche* Notice" comes from *Hoffman-La Roche v. Sperling*, 493 U.S. 165 (1989). Although *Hoffman-La Roche* involved a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the ADEA incorporates the enforcement provisions of the FLSA including the "opt-in" provisions of 29 U.S.C. § 216(b).

ORDER
PAGE - 1

Defendant opposes the motion on three bases: (1) resolution of plaintiffs' misclassification claims, and its exemption defenses, will require consideration of the facts particular to each individual; (2) plaintiffs' off-the-clock claims will require consideration of the facts particular to whether any individual in fact worked off the clock under circumstances in which an individual manager knew the violation of defendant's policy was occurring; and (3) the two named plaintiffs, who were employed only as ARs, cannot bring any claim on behalf of the TRs.

For the reasons set forth below, the Court disagrees with defendant and GRANTS plaintiffs' request for conditional class certification and *Hoffman-La Roche* notice.

## II.  DISCUSSION

**A.  Background**

Plaintiff Morden is a former employee of defendant, T-Mobile USA, Inc. ("T-Mobile"). From June 2003 through March 2004 he worked as an Account Representative. While he was employed, plaintiff was classified as a salaried employee exempt from overtime pay. Plaintiff Siddiqui was employed by defendant from October 2003 through March 2005 as an Account Representative. On October 9, 2004, defendant reclassified its Account Representatives and Territory Representatives as nonexempt employees, but did not change the duties performed by those employees in either position.

Plaintiffs now bring the instant action under the Fair Labor Standards Act ("FLSA") seeking damages and restitution for defendant's failure to pay overtime wages. Plaintiffs assert that since December 27, 2002, defendant has wilfully violated the FLSA by failing to pay plaintiff and all other persons employed as Account Representatives or Territory Representatives appropriate overtime wages. Plaintiffs further allege that, prior to October 9, 2004, defendant wilfully classified these employees as exempt from the FLSA, and at the same time, assigned them primary duties which are inconsistent to that status. Finally, plaintiffs allege that since October 9, 2004, defendant has required and permitted Account Representatives and Territory Representatives to work in excess of

40 hours per week without compensating them for these hours.

Plaintiffs wish to bring this action on behalf of themselves and all other persons employed by defendant as Account Representatives or Territory Representatives between December 27, 2002, and the date of the final disposition of this action, and now move for conditional certification as a representative collective action under FLSA § 216(b).

**B. Conditional Certification**

As this Court has previously explained, collective actions are not subject to the numerosity, commonality, and typicality rules of a class action suit under Rule 23 of the Federal Rules of Civil Procedure. *See Gerlach v. Wells Fargo & Co.*, WL 824652, slip op., at *1 -3 (N.D.Cal. 2006); *Hunter v. Sprint Corp.*, 346 F. Supp.2d 113, 117 (D.D.C. 2004). Instead, a plaintiff bringing a collective action must only show that he is "similarly situated" to the other members of the proposed class, and those other members must "opt in" to the proposed class. 29 U.S.C. § 216(b). However, neither the FLSA nor Ninth Circuit case law defines the term "similarly situated." Indeed, as noted by the Tenth Circuit Court of Appeals, there is little circuit law in general defining that term. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

Although courts have taken various approaches to determine whether plaintiffs in actions such as these are "similarly situated," it appears that the district courts in this circuit have used an *ad hoc,* two-tiered approach. *See, e.g., Wynn v. National Broadcasting Co., Inc.,* 234 F.Supp.2d 1067, 1082 (C.D.Cal.2002) (noting that the majority of courts prefer this approach); *see also Thiessen,* 267 F.3d at 1102-03 (discussing three different approaches district courts have used to determine whether potential plaintiffs are "similarly situated" and finding that the *ad hoc* approach is arguably the best of the three approaches); *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir.2001) (finding the two-tiered approach to certification of § 216(b) opt-in classes to be an effective tool for district courts to use). This Court will also follow that approach, making two determinations. First, the Court will conduct an initial "notice stage" analysis of whether

plaintiffs are similarly situated, and will determine whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *See, e.g., Thiessen,* 267 F.3d at 1102. For conditional certification at this notice stage, the Court requires little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102. The standard for certification at this stage is a lenient one that typically results in certification. *Wynn,* 234 F. Supp.2d at 1082.

After the Court has granted conditional certification, and discovery has been completed, defendant may move for decertification. In resolving any such motion, the Court will utilize a stricter standard for determining whether the conditionally certified plaintiffs are indeed "similarly situated." *Thiessen,* 267 F.3d at 1102. During this second stage analysis, the court reviews several factors, including the specific employment conditions and duties of the individual plaintiffs, any defenses asserted by or available to the defendant which appear to be individual to each plaintiff, fairness and procedural considerations, and whether the plaintiffs made any required filings before instituting suit. *Id.* at 1103.

In the instant case, defendant has argued extensively about the individual differences between the proposed plaintiffs, and the specific factual determinations that the Court will need to make with respect to each plaintiff. Defendant also argues that this Court should not conditionally certify plaintiffs' proposed collective class because plaintiffs have failed to demonstrate that questions common to the group would predominate a determination of the merits in this case. The Court finds that these arguments demonstrate a fundamental misunderstanding of the nature of the proceedings at this stage of litigation.

Plaintiffs' claims have been brought as a collective action under the FLSA, not as a class action under Rule 23. As noted in *Thiessen,* Congress chose not to apply the Rule 23 standards to collective actions under the ADEA and FLSA, and "instead adopted the 'similarly situated'

ORDER
PAGE - 4

standard. To now interpret this 'similarly situated' standard by simply incorporating the "predominating" and other requirements of Rule 23 would effectively ignore Congress' directive." *Thiessen*, 267 F.3d at 1105; *Gerlach v. Wells Fargo & Co.*, WL 824652, at *2. Thus, the Court finds that defendants arguments are more appropriate, and may even be successful, on a motion for decertification; however, they are not persuasive here.

In this case, plaintiffs have met their burden of showing that all ARs and TRs are similarly situated with respect to their FLSA claims. Plaintiffs have submitted evidence that ARs and TRs had comparable job descriptions, were uniformly classified as exempt from overtime pay until October 9, 2004, were uniformly classified as nonexempt from overtime pay after October 9, 2004, performed similar job duties both before and after October 9, 2004.

Defendant argues that the limited evidence presented so far demonstrates that ARs and TRs are not similarly situated to each, nor are the individuals similarly situated within those specific groups. Specifically, defendant argues that the groups performed different job duties, in a variety of states, and under different management structures. Defendant also argues that certain exemption defenses may apply that will require the court to make individual assessments of all the plaintiffs. In support of its arguments, defendant relies in part on 99 declarations from current employees, all of whom are potential collective action members. However, the Court will discount those declarations because of the risk of bias and coercion inherent in that testimony. *See Jenson v. Eveleth Taconite Co.*, 139 F.R.D. 657, 664 (D. Minn. 1991); *Rainbow Group, Ltd. v. Johnson*, 990 S.W.2d. 351, 357 n.5 (Tex. Ct. App. 1999).

Furthermore, the court finds that defendant's reliance on *Williams v. Accredited home Lenders, Inc.*, 2006 U.S. Dist. LEXIS 50653, *Holt v. Rite Aid*, 333 F. Supp.2d 1265, 1274 (M.D. Ala. 2004), and *England v. New Century financial* 370 F. Supp.2d 504, 509 (M.D. La. 2005), is misplaced. In those cases, the district courts proceeded directly to the second stage of analysis, and weighed relevant factors to determine whether the plaintiffs there were similarly situated, because

the plaintiffs in those cases had already conducted substantial discovery. Here, no such discovery has been conducted. Indeed, this Court specifically limited the amount of discovery plaintiffs could seek prior to conditional certification. (*See* Dkt. #30).

For all of these reasons, the Court finds that applying the stringent analysis suggested by defendant would be contrary to the broad remedial policies underlying the FLSA. This Court will conditionally certify the collective action for the purpose of sending notice to potentially similarly situated employees. After discovery is complete, defendant may move for decertification, and the Court will then apply the heightened second-tier review.

### C. *Hoffman-La Roche* Notice

Plaintiffs have proposed an opt-in notice to be used in this action. Defendant objected to that notice on several bases, and plaintiffs have since offered a revised version incorporating the majority of defendant's revisions. Only four issues remain with the revised notice.

#### 1. Travel Requirement

Under part 5 of plaintiff's proposed notice, "What Happens If I Decide to Join This Case?," defendant asks this Court to require language informing potential plaintiffs that they may be required to travel to Seattle, Washington, at their own expense, to sit for deposition or testify in court. Plaintiffs oppose such language, arguing that it is misleading and may improperly discourage potential opt-ins. The Court agrees with plaintiff. Travel to Seattle for most, if not all, opt in plaintiffs should not be necessary.

#### 2. Retaliation Language

The Court adopts plaintiffs' suggested anti-retaliation language, finding it clear and straightforward.

#### 3. Contact Information

The Court denies defendant's request to include defense counsel's name and contact information in section 9, "What Should I Do If I want Further Information?" Like the court in

1 | *Gambo v. Lucent Technologies, Inc.*, 2005 WL 3542485, at *7 (N.D. Ill. 2005), this Court finds

2 | "no basis in law or logic" for that additional contact information.

3 |       <u>4.  Opt-In Period</u>

4 |   The Court accepts plaintiffs' proposed opt-in period of 60 days.  *See Reab v. Electronic*

5 | *Arts, Inc.*, 214 F.R.D. 623, 632 (D. Colo. 2002) (finding 60-day notice period appropriate).

6 |   Accordingly, the Court accepts plaintiffs' Notice of Lawsuit as proposed in Steven M.

7 | Tindall's supplemental declaration.  (Dkt. #155, Exhibit A).

8 |           **III.  CONCLUSION**

9 |   The Court, having considered plaintiffs' motion, defendant's opposition, plaintiffs' reply, the

10 | declarations and evidence in support of those briefs, and the remainder of the record, hereby

11 | ORDERS:

12 |   (1)  Plaintiffs' Motion for Condition Certification (Dkt. #32) is GRANTED, and plaintiffs

13 | may issue the proposed *Hoffman-La Roche* Notice as adopted above.

14 |   (2)  The Clerk shall forward a copy of this Order to all counsel of record.

15 |   DATED this 12 day of September, 2006.

16

17

18 |             RICARDO S. MARTINEZ
            UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

ORDER
PAGE - 7